**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **YAHYA KHAN BIN RASHID,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1397-KC** |
| | § | |
| **WARDEN EL PASO SERVICE** | § | |
| **PROCESSING CENTER, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered Yahya Khan Bin Rashid's Amended Petition for a Writ of Habeas Corpus, ECF No. 2. Rashid is detained at the El Paso Service Processing Center in El Paso, Texas. *Id.* ¶ 7. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 78–109; *id.* at 26–27.

Rashid is a "stateless Burmese refugee." *Id.* ¶ 28. He grew up in a refugee camp in Thailand with his family and then moved to Malaysia before receiving refugee status through the United Nations. *Id.* He came to the United States as a refugee with his family in 2016. *Id.* And obtained his green card a year later. *Id.* In 2022, Rashid was arrested for possession of a stolen vehicle and convicted on August 30, 2023. *Id.* ¶ 30. Upon his release in November 2024, he went to live at a halfway house in Chicago. *Id.* ¶ 31. In February 2025, he was arrested and detained by immigration authorities and placed in removal proceedings. *Id.* ¶¶ 31–32. On October 9, 2025, an Immigration Judge ("IJ") granted Rashid deferral of removal from Burma and Thailand. *Id.* ¶ 35. The IJ's order became administratively final on November 10, 2025, as Respondents did not appeal the decision. *Id.* ¶¶ 36–37. Rashid alleges that "DHS is detaining [him] . . . so that it can attempt to remove him to a third country" but he "has no lawful status or

ties to any third country." *Id.* ¶ 39.  And, in the six months since his removal order became administratively final, "the Government has not even indicated any countries to which it is purportedly pursuing removal," let alone "requested that [he] fill out applications for travel documents to any country, nor speak to any consulate."  *Id.* ¶¶ 39–40.

The Court found that "[i]f these allegations are true, Rashid likely meets his burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'"  May 19, 2026, Order 3, ECF No. 4 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)).  Respondents had to "rebut this showing by either demonstrating that Rashid's removal is likely in the reasonably foreseeable future or deporting her."  *Id.* Specifically, the Court ordered Respondents to detail (1) the concrete steps taken to effectuate Rashid's removal, (2) the obstacles preventing his removal, (3) the concrete steps taken to address those obstacles, including identifying third countries for removal and submitting travel document requests to those third countries, and (4) the anticipated timeline for her removal.  *See id.*

Respondents have now filed a Response, ECF No. 6, and, in support, the Declaration of Supervisory Detention and Deportation Officer Veronica Molina ("Molina Decl."), ECF No. 6-4. According to Molina, on November 21, 2025, Enforcement and Removal Operations ("ERO") El Paso submitted a travel document request for Rashid to the Malaysian consulate.  *See* Molina Decl. ¶ 7(a).  On December 2, Malaysia denied the request.  *Id.* ¶ 7(b).  Thus, "[o]n February 10, ERO El Paso requested assistance from HQ Removal International Operations (RIO) and Detention and Deportation Officer (DDO) to place petitioner on third country removal list."  *Id.* ¶ 7(c).  On March 3, 2026, Rashid was interviewed for nexus or ties to third countries.  *Id.* ¶ 7(e). The following day, ERO El Paso again requested assistance from HQ RIO and DDO for third

country removal, and Rashid was placed on the third country removal list.  *Id.* ¶¶ 7(f–g).  On

April 29, ERO El Paso received an update from HQ RIO that "[Rashid] was nominated for a

flight however, awaiting confirmation."  *Id.* ¶ 7(l).  And on May 13, that "a notification will be

sent to the field office if [Rashid] has been accepted."  *Id.* ¶ 7(m).  However, Respondents do not

identify the country to which Rashid was nominated for a flight.  *See generally id.*  Nor the

anticipated timeline by which this unidentified country will accept him.  *See generally id.*  In

fact, "there is no anticipated timeline for [Rashid's] removal from the United States."  *Id.* ¶ 10(a).

According to Molina, "ERO is continuously working with HQ-RIO and [the] Department of

State[] to identify a country [that] is willing to accept [Rashid]."  *Id.* ¶ 8(a).

In sum, Rashid has been detained for over six months since his removal order became

administratively final.  Am. Pet. ¶ 40.  He cannot be removed to Burma or Thailand pursuant to

his grant of deferral of removal.  *Id.* ¶¶ 5–6.  Nor can he be removed to Malaysia.  Molina Decl.

¶ 7(b).  As for Rashid's removal to another third country, all Respondents offer is that he has

been nominated for a flight to an unidentified country, the acceptance of which is pending.  *See*

*id.* ¶ 7 (l-m).  But there is no indication that the result of this nomination will by any different

than the result of Respondents' request to Malaysia, a country of which Rashid is not a citizen.

*See generally id.*; Resp.  Nevertheless, the Court affords Respondents a final opportunity to

remove Rashid.  If Respondents are unable to remove him in two weeks, then they have failed to

carry their burden of proving that his removal is significantly likely in the reasonably foreseeable

future.  *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East*

*Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART** on due process grounds.  *See id.*  The

Court **ORDERS** that, **on or before June 10, 2026**, Respondents shall either (1) **REMOVE**

3

Rashid from the United States through lawful means; or (2) **RELEASE** Rashid from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before June 10, 2026**, Respondents shall **FILE** notice informing the Court whether Rashid has been removed from the country. If Rashid has not been removed from the country, Respondents shall inform the Court whether Rashid has been released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the June 10, 2026, deadlines**, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**SO ORDERED**.

**SIGNED this 27th day of May, 2026.**

_____
KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE

4